RUTH SCHEER et al., Appellants, v. EDWARD L. NETHING, Respondent, et al., Defendants.— Action to reform a general release and two satisfactions of judgments delivered by the plaintiffs to defendant Abe L. Miller to include therein a reservation of plaintiffs' rights as against other tort-feasors, including the respondent. Plaintiffs appeal from an order granting respondent's motion to dismiss the complaint as to him on the ground that there is an existing final decree of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties (Rules Civ. Prac., rule 107, subd. 4). The judgments were for damages for personal injuries sustained by the appellants and were entered against the said Miller, the respondent and two other defendants. The decree relied on by respondent was an order of the Bankruptcy Court, after the respondent had been adjudicated a bankrupt, affirming the order of the referee in bankruptcy, disallowing and expunging appellants' claims on their judgments. Order reversed on the law, with $10 costs and disbursements, and motion denied, with $10 costs, with leave to respondent to answer within ten days from the entry of the order hereon and with leave to plead the determination in the Bankruptcy Court as a defense. In the Bankruptcy Court it was held that the judgments were satisfied as matter of law because the release and satisfaction pieces delivered to another joint tort-feasor after respondent had been declared a bankrupt did not contain any reservation of rights against respondent. The referee in bankruptcy

decided there was not jurisdiction to reform the documents and that the documents had to be considered as they had been delivered to the attorney for the joint tort-feasor. The Judge of the United State District Court on a review affirmed the determination of the Referee. Evidence had been taken as to what occurred between appellants' attorney and the attorney for the joint tort-feasor in negotiating for the instruments and at and after their delivery. The conclusion of the referee that there was no jurisdiction to correct or reform the instruments was not overruled or concurred in by the District Judge. He held that in the absence of a reservation in the writings, the determination of the Referee expunging the claims of appellants was justified. As long as that determination stands, appellants cannot enforce the judgments against respondent. In the present action parties are joined who were not in the bankruptcy proceeding. Presumably their absence was the basis for the holding that the instruments had to be considered as they were delivered to the joint tort-feasor. A judgment of reformation here will not revive respondent's debt and he may urge the decision in the Bankruptcy Court against any claim by the appellants in equity for relief other than reformation, even though they establish the right to the latter relief. But in view of the specific holding in the Bankruptcy Court by the Referee that it had not jurisdiction to reform the instruments, it cannot be held that it was there determined that the facts established by the testimony before the Referee did not warrant reformation. Since the case of *Steinbach* v. *Relief Fire Ins. Co.* (77 N. Y. 498) was decided and, in a measure because of that decision, section 112-d of the Civil Practice Act has been enacted whereby it is provided that an adverse judgment in an action on a contract is not a bar to an action to reform the contract (cf. *Smith* v. *Kirkpatrick*, 305 N. Y. 66). Therefore, the motion to dismiss the complaint should not have been granted on the ground that the determination in bankruptcy was *res judicata*. We pass on no other question. Nolan, P. J., Carswell, MacCrate, Schmidt and Beldock, JJ., concur.